Today, 23-7269, Sidney Hart v. Suffolk County. Ms. Hart, no time for rebuttals, so you have five minutes and may proceed when you're ready. Okay, thank you. Good morning, Your Honors. I've prepared a statement that I'd like to read into the record. And first and foremost, thank you for granting me this opportunity to appear before you to present oral arguments. I am Sidney S. Hart, the Pro State Plaintiff Appellant in the matter of Hart v. County of Suffolk. My intention here is to establish that the District Court erred when it concluded that I had failed to prove my Section 1983 excessive force claims, as well as my state assault and battery claims by a preponderance of the evidence. Specifically, the District Court's decision contains evidence regarding the evaluation of evidence, application of judicial precedent, development of the trial record, and assessment of my credibility as a witness. I am now going to read 17 points that I'd like to make, and I hope that these will help answer any questions that you may have. And this is in addition to the plaintiff appellate brief that I had submitted back in October of 2023. Number one, in his memorandum of decision, hereafter referred to his memorandum dated September 5, 2023, the trial judge, Judge Duns, and this would recognize his first trial as a judge, states, and I quote, those undated photographs with plaintiff's undated annotations were admitted to evidence without objection as Exhibits 20A, 20B, and 20C, respectively. As this Court can observe from the photos labeled Exhibits 20A, 20B, and 20C, embedded within Judge Duns' memorandum on page 25, all three photos are in fact dated, dated October 19, 2016. Number two, during my trial testimony, I used the term manhandle to describe my interactions with the individual defendants during the incident that took place on October 14, 2016. I also used terms such as assault, battery, slam, push, pull, shove, and bang. Regarding the off-camera incidents in the First Floor Sally Court, the elevator well, and elevator, these involve the use of a combination of minor force as well as excessive force. The use of the term manhandle, among others, to describe the level of force used should not diminish my credibility as a witness. The trial judge's apparent association of the term manhandle with maul appears to be a mischaracterization. The term maul is usually used to describe animal attacks. In its brief, dated December 26, 2024, Defense Counsel states that Defendant Cable arrived in the First Floor Sally Court 45 seconds after I and the defendants were already present in the Sally Court. In this memorandum, the trial report concludes that Defendant Cable arrived in the Sally Court 30 seconds, not 45 seconds, after I and the defendants were already present. However, Cable was reported exiting the elevator with me and the other defendants on the Fifth Floor. This evidence demonstrated that Defendant Cable was present in the elevator during the relevant events. Further, at a minimum, the record indicates Cable did not intervene to prevent the alleged misconduct. Number four, my testimony regarding when I sustained the confusions was not contradictory. While Defendant Burkhardt's actions in the medical corridor could potentially have caused bruising on my left arm, the more probable explanation given the level of force used was that I sustained those confusions during the Sally Court and elevated incidents. As I testified, being handcuffed and wearing a long-sleeved shirt prevented me from examining my arms during those interactions. Number five, I do just want to alert, I know you said you had 17 points. You are about out of time, so if you want to pick one additional point to make, we'll let you go a little bit over. And we do, of course, have your briefing, which contains, I think, the points that you're raising. But feel free to pick one more point. Thank you. My primary medical complaint concerned my left wrist injury. The trial court applied an incorrect legal standard in assessing the extent of this injury, which the district judge classified as de minimis. Specifically, in the 2021 decision, Ketcham v. City of Mount Vernon, the Second Circuit reversed the district court's grant of summary judgment, rejecting both the district court's fact-finding and its determination that the plaintiff's injuries were de minimis as a matter of law. The evidence presented established that unusable force was used on me on October 14, 2016. And to quote Ketcham, regardless of the extent of Ketcham's injuries, the infliction of harm against a restrained and unresisting suspect is excessive force, and such conduct would violate the Fourth Amendment. Both my testimony and the defense testimony established that I was restrained and not resisting during the encounter. All right. Thank you. We have your arguments remaining in your brief. We'll hear from opposing counsel. May I please look for it? Can you hear me?  May I please report? I am Katharine Leahy for the County Defendant's Appellees, Assistant County Attorney. Your Honor, the county's position is that Judge Jones's well-meaning decision should be upheld. The main reason is that the appellant challenges it by credibility. The first claim is that the judge should not have found her testimony incredible because he was in some sense biased in trying to support the establishment and therefore made clearly erroneous evidentiary errors. Her next point is that the judge made clearly erroneous evidentiary errors with respect to the credibility of the defendant because he was turning a blind eye to public corruption. The county's position, Your Honor, is that the judge's evidentiary findings were all based on the evidence in the record before him. He analyzed everything very carefully. There's no indication in the record that any of his findings were based on any kind of extrajudicial bias or error. The long list of the challenges mostly asserts matters that, if they fall in categories, many of them are based on a misconstruction of the record. For instance, the judge acknowledged that Officer Cable was in the elevator. That's not a point in contention. The issue was he didn't believe that Officer Cable was part of the alleged family court assault. Many of the allegations are merely speculative. For instance, that the judge should have taken into consideration the plaintiff's medical situation and her disabilities. If the court has particular questions about any of the evidentiary rulings, I'd be happy to respond to them. No questions. All right. Thank you, counsel. Anything further? Unless the court has questions, no, Your Honor. All right. Thank you. The matter is submitted. We appreciate the party's briefing and argument in this case. We will take it under advisement and issue a ruling as soon as we can.